UNITED STATES FEDERAL DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CIVIL ACTION FILE NO # 1:24 CV00290 DII

| | | |
|---|---|---|
| **ROLANDO GARCÉS,** Plaintiff, "Plaintiff Garcés" -v- **RICHARD MATHENY** Defendant, "Defendant Matheny" & **SUITE ST. JOHN, INC., (SSJ);** Defendant Suite St. John a/k/a Suite St. John at Gallows Point, a/k/a Matheny's at Gallows Point a/k/a Suite St. John Villas Collectively, "Defendants" | § § § § § § § § § § § § | **COMPLAINT** **CAUSES OF ACTION** (1) Circumvention of Copyright Protection Systems, DMCA, 17 U.S.C. § 1201(a)(1)(A); (2) Exclusive Rights Violations of the Copyright Act of the U.S.A., 17 U.S.C. §§ 501,106; (3) Material Breach of Contract; **JURY TRIAL DEMANDED** **INJUNCTIVE RELIEF DEMANDED** |

**TO THE HONORABLE COURT:**

**NATURE OF THE ACTION**

1.      Plaintiff Rolando Garcés brings this pro se complaint for damages and injunctive relief against Defendant Richard Matheny, INDIVIDUALLY, and d/b/a Suite St. John, Inc., (SSJ), for: **1.)** Circumvention of Copyright Protection Systems, DMCA, 17 U.S.C. § 1201(a)(1)(A); **2.)** Exclusive Rights Violations of the Copyright Act of the U.S.A., 17 U.S.C. §§ 501,106. Allegations herein, apply to "205 Pictorial Works of Authorship"[1] registered to Plaintiff Garcés under Copyright Certificate #Vau00143090.[2] The DMCA violation has a direct nexus to Defendants' infringement of Plaintiff's "exclusive rights" under U.S.C. §§ 501,106. Plaintiff also alleges damages by Defendants for **3.)** Material Breach of Contract.

---

1   Submitted: Exhibit-P-1, PDF Catalog of Plaintiff's copyrighted images infringed.
2   Submitted: Exhibit-P-2, Plaintiff's Copyright Certificate #Vau00143090 - 205 Works.

2.      Submitted Below: Exhibit P-3, a true and correct copy of Defendant's email.

3.      **"Rolando Owns the Photos," states Defendant Matheny.**[3]

4.



5.      Above: Defendant Richard Matheny states that "Rolando owns the photos," in responding to a rental agent seeking photos created by Plaintiff Garcés of a U.S. Virgin Islands' (U.S.V.I.) luxury vacation villa. Plaintiff alleges that this email written by Defendant on May 17, 2018 before Defendant's March 2021 copyright violations presents "prior conduct" factors of "willfulness" and "reckless disregard."

3  Submitted: Exhibit-P-3, a true and correct copy of Defendant Matheny's email statement asserting that: "Rolando owns the photos." Fed Rules Evid 801(d)(2).

2

## JURISDICTION AND VENUE

6.    This Court is vested with original subject matter jurisdiction on the first

cause of action: Circumvention of Copyright Protection Systems, under the

Digital Millennium Copyright Act (DMCA) pursuant to 28 U.S.C. §1331; and 28

U.S.C. §1338(a); and 17 U.S.C. §1201 because this cause of action arises under:

- 28 U.S.C. §1331 stating that Federal District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

- 28 U.S.C. §1338(a) specifies that the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks.

- 17 U.S.C. §1201 is a section of the Digital Millennium Copyright Act (DMCA) that deals with the circumvention of copyright protection systems.

Therefore, Defendants' DMCA violations fall under the jurisdiction of this federal

court arising under Acts of Congress relating to copyrights.

7.    This Court is vested with original subject matter jurisdiction on the

second cause of action: Rights Violations under the Copyright Act of the United

States pursuant to 28 U.S.C. §1331; and 28 U.S.C. §1338(a); and 17 U.S.C. § 106

because this cause of action arises under:

- 28 U.S.C. §1331 stating that Federal District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States;

3

• 28 U.S.C. §1338(a) specifies that the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks;

• 17 U.S.C. §106 is a section of United States copyright law, The United States Copyright Act of 1976, that outlines the exclusive rights granted to copyright owners;

Therefore, Defendants' copyrights violations fall under the jurisdiction of this federal court arising under Acts of Congress relating to copyrights.

8.    This court has supplemental jurisdiction over the third cause of action (state or common law) pleaded herein pursuant to 28 U.S.C. § 1367 stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.    The supplemental jurisdiction cause of action, herein this civil action is: Material Breach of Contract (third cause of action).

## SPECIFIC PERSONAL JURISDICTION

10.    Defendants are subject to this Court's specific personal jurisdiction under due process and the Texas Long Arm Statute. Defendant Matheny and Defendant Suite St. John, Inc., (SSJ) have sufficient minimum contacts within the State of Texas including substantial, continuous, and systematic business

4

connections in the State of Texas and the Western District of Texas, all bound to the operative facts of the lawsuit.

11.     Defendant's contacts with the State of Texas arise from, or are directly related, to Plaintiff's cause of action for copyright infringement.

12.     Specifically, Defendants Matheny for over 10 years from 2010 to 2021, have conducted business on an almost daily basis by phone, by email,  and as defined in the Texas Long Artm Statute *(2 Tex § 17.042)* by mail, with Plaintiff Garces.

13.     As set forth below, Defendant Richard Matheny and Defendant Suite St. John have substantial contacts with Texas relating to the subject matter of this action. Considering that Defendants' line of business is management and operation of upscale vacation resort  rental properties providing lodging to travelers visiting the U.S. Virgin Island's, rental revenue from Texas state citizens was always among the highest from all fifty states. Defendants specifically tracked and targeted Texas state citizens in their advertising and analytics software. Additionally, one of most luxurious vacation properties managed by Defendant's, which involved monthly financial transactions to Texas, was owned by a Texas state citizen. Defendant's marketing manager was based in Texas receiving his monthly remuneration in Texas from Defendant's Maryland offices.

14.     Venue is proper in this District Court under 28 U.S.C. § 1391(b). This

district is a judicial district in which a substantial part of the property that is the subject of the action is situated; and is one in which Defendants are subject to the Court's personal jurisdiction with respect to this action.

## PARTIES

### Plaintiff

15.   Plaintiff Garcés is a citizen of the United States of America, state of Texas, county of Travis, city of Austin.

16.   Plaintiff Garcés is an independent contractor in the fields of marketing and operations management. Plaintiff is professionally experienced in the creative and technical execution of the print, literary, photographic, video, and internet communications mediums.

17.   Plaintiff Garcés was trained at the School of Communication, University of Texas at Austin, and at the Fashion Institute of Technology, New York City.

18.   As a 1099 contractor, Plaintiff Garcés marketing and special project clients include the Rockefeller Brothers Fund - Center for Inter-American Relations, the UT School of Journalism, the U.S. State Department, WMAL Washington Redskins Radio, Freddie Mac, Sallie Mae, Independent Petroleum Association, Society of Plastic Engineers, Health & Human Services (HHS), historian John W.F. Dulles, and Modernage Photo, NYC.

6

## **Defendants**

19.    Defendant Richard Matheny, upon information and belief, is a citizen of the United States of America, citizen of the state of Maryland, city of Gaithersburg. Defendant Matheny is a real estate investor, retired pharmacist, and former owner of a Gaithersburg, MD pharmacy. Defendant is president of Suite St. John, Inc., a United States corporation based in Gaithersburg, MD.

20.    Defendant Suite St. John, Inc. is a United Sates corporation of which Richard Matheny is president. Suite St. John, Inc. is a rental and management agency offering upscale vacation accommodations in St. John, U.S.V.I., and managing vacation investment properties for owners in the SSJ rental pool.

21.    Defendant Matheny and Defendant Suite St. John, Inc. are members of a joint enterprise, referred to collectively as "Defendants," except where otherwise specified by name for clarity, or as specifications demand.

### **The 36-Year Verbal Express Contracts Between the Parties**

22.    From 1985 to 2021, Plaintiff Garcés' marketing and management methodologies, working as a 1099 contractor, played a paramount role in transforming Defendants' nascent U.S. Virgin Islands. condo rental business, "Matheny's at Gallows Point," into a multi-million dollar U.S. Virgin Islands luxury villa rental agency with national brand recognition, "Suite St. John, Inc."

23.    Three distinct express contracts between the parties from 1985 to 2021

created a non-interrupted 36-year working association in establishing Suite St.

John, a St. John, USVI villa rental agency. Each contract period consisted of an

offer, consideration, material terms discussions, mutual assent, and acceptance.

### The Verbal Express Contracts – Data Table

24.                          from Plaintiff's Perspective

| A.) 1985 to 1995 | B.) 1995 to 2005 | C.) 2005 to 2021 |
|---|---|---|
| Original (1st) Contract. | Modification 1 | Modification2 |
| Washington, DC Based. | St. John Based | Stateside Based |
| Offeror is Plaintiff. | Offeror is Defendant | Offeror is Plaintiff |
| Offeree is Defendant. | Offeree is Plaintiff | Offeree is Defendant |
| Barter + Costs | Accepted Mngmt Contract w/ | Stateside - Hourly Rate |
| Independent Contractor | Suite St. John in USVI. | 2005-2010 – CA |
| w/ Multiple Clients in | Ind. Contractor w/ VI Clients | 2010-2021 – TX |
| MetroWashington,D.C. | Monthly Flat Fee Retainer. | Ind. Contractor |
|  | 1099 Remuneration | 1099 Remuneration |

25.    The uninterrupted, 36-year duration of the working association coupled with the

tangible business success of each of the contract periods attests a solid express contract

maintained by day to day best practice business operations. The business success is

defined by the increase in rental guests and management clients, an exceptional

community and internet reputation, and the purchase of new rental properties.

26.. In the times before the ease of digital photography, Plaintiff Garcés' professional lighting skills as an interior photographer creating Madison Ave. quality images of elegant interiors with vivid exterior views of the multi-hued Caribbean raised the marketing and branding level of Defendants' product from a mom and pop operation to that of an upscale boutique resort agency.

27. In 1995, Defendant Matheny offered Plaintiff a management consulting position in St. John where Plaintiff could continue accepting independent photographic and marketing assignments.

28. Having studied marketing at New York City's renowned Fashion Institute of Technology, and employed for 10-years as a Master photographic technician at a famed Manhattan photo studio creating images for world-famous photographers and publications, Plaintiff Garcés customer service and operations management skills improved customer satisfaction and community relations with the real estate and local community.

### What is the Basis of Defendant Matheny's Knowledge that "Rolando owns the photos"?

29. Since approximately 1984 /1985 at their first "meeting of the minds" phone conversations, Defendant Matheny was well aware that Plaintiff's offer of bartering marketing services for U.S.V.I. lodging was based on Plaintiff's idea of creating a library of Caribbean photographic and literary media assets during a visit to the U.S.V.I. at the completion of a job contract in Puerto Rico.

9

30.     Defendant was well-aware that Plaintiff's objective in bartering for lodging was to build Plaintiff's Caribbean portfolio. Never in 10-years from 1985-1995 did Plaintiff turn over negatives to Defendant. Defendant has always been aware that Defendant had usage rights, not ownership rights.

31.     Moving on from a bartering relationship, Defendant Matheny has alwsys been well-aware that with Plaintiff as a 1099 independent contractor, using his own specialized photographic equipment, on his own time, Defendant had usage rights, not ownership rights.

32.     Moving into the digital era, in approximately 2000, Plaintiff and Defendant discussed copyright law on a phone conversation with Plaintiff explaining to Defendant the "fixed in a tangible medium" copyright law under which Plaintiff was working.

33.     Plaintiff paraphrased the simple definition used by the copyright office t Defendant, as "whomever snaps the shutter, owns the copyright."

**https://www.copyright.gov/what-is-copyright/**

34.
> ## Who is a copyright owner?
> **Everyone is a copyright owner.** Once you create an original work and fix it, like taking a photograph, writing a poem or blog, or recording a new song, you are the author and the owner.

35.     This is the reason, why Defendant Matheny, when asked about photographs created "by Rolando," unprompted, answers, "Rolando owns the photos, I will discuss with him."

## FACTUAL ALLEGATIONS

36.   **"Notice here the echoes of the fairness theory of copyright in general. Intentionally taking someone else's "work product," the court suggests, is wrong, morally wrong, and deserves to be punished."[4]**

William Fisher, Harvard Law School[5]
Intellectual Property Law Professor
Re: Bridgeport Music Inc. v. Dimension_Films[6]

## Defendants Unlawfully "Access, Seize, and Distribute" Plaintiff's 205 Copyrighted Images

37.   Plaintiff Garcés seeks justice for, herein alleged, "unlawful actions committed," and "damages caused" by Defendant Richard Matheny and Defendant Suite St. John, on 03.16.2021, for Defendants' unlawful "circumvention of technological protection measures (TPMs) implemented by Plaintiff to protect his copyrighted "Work Product," on internet service provider, Dreamhost, pursuant to DMCA 17 U.S.C. § 1201(a)(1)(A).

38..   **DMCA, 17 U.S.C. § 1201(a)(1)(A) states:** (A) No person shall circumvent a technological measure that controls access "to a work protected under this title."

39.   Plaintiff's copyright registered "Work Product" is protected under DMCA § 1201(a)(1)(A). Without the authorization of the Plaintiff, as the copyright owner, Defendants unlawfully circumvented "technological protection measures" (TPMs) set

---

4   William Fisher, "07.2 The Rights to Reproduce and Modify: Improper Appropriation" (January 1, 2013). CopyrightX, The Berkman Klein Center for Internet & Society at Harvard University. *(Below footnote link is a video.)* https://wilkins.law.harvard.edu/courses/CopyrightX2015/7.2_hi.mp4; @ 18' min. https://creativecommons.org/licenses/by/4.0/

5   https://hls.harvard.edu/faculty/william-w-fisher/

6   https://blogs.law.gwu.edu/mcir/case/bridgeport-music-v-dimension-films-et-al/

and implemented by Plaintiff as access control protection for his "Work Product."

40.     For over 20-years, Plaintiff Garcés has 100% managed and controlled his copyrighted "Work Product" under the access control legal protection of the DMCA statute without a single interference or violation until Defendants who asserted "actual knowledge" that "Rolando owns the photos" proceeded to willfully seize the copyrighted images and unlawfully distribute them for financial gain.

41.     Defendants proceeded to lock Plaintiff Garcés out of the Dreamhost ISP seizing Plaintiff's copyrighted "Work Product" of 205 commercial images for their own commercial advantage and financial gain by distributing the commercial images to sell vacation rentals using misappropriated images in violation of Plaintiff's exclusive rights under 17 U.S.C. §§ 501,106.

42.     Defendants also violated 17 U.S.C. 506(a)(A)(B)(C, Copyright infringement for commercial advantage or private financial gain, et seq, however, 17 U.S.C. 506 has no private right of action.

43.     In acts immediately following their DMCA circumvention violation of Plaintiff Garcés' copyrighted "Work Product" on the Dreamhost ISP, Defendants proceeded to distribute, via the internet, for the purposes of commercial advantage and private financial gain, the unlawfully attained images they accessed by unauthorized circumvention thus violating Plaintiff Garcés' exclusive rights under 17 U.S.C. §§ 501,106 to copy, reproduce, distribute, publicly display, and create derivative works from Plaintiff own "Work Product".

## **Material Breaches of Contract**

44.     In 2005, upon Plaintiff Garcés' relocation from St. John, USVI to California,

the parties renegotiated an express contract that had been in effect for

approximately 10 years from 1995 to 2005 (the 1995 contract). The new 2005

express contract (the 2005 contract) was strictly for marketing services rendered by

Plaintiff to the Suite St. John, Inc. vacation rental business. The renegotiation, with

an offer by Plaintiff, acceptance by Defendant, and consideration at $65/hr for

marketing services rendered, established the 2005 express contract.

45.     In April of 2010, Plaintiff Garcés relocated to Austin, Texas with the 2005

contract terms remain in effect. On or about March 16, 2021, Defendant Matheny

caused a material breach of the express contract by refusing to pay Plaintiff $4,630

for work requested by Defendant. The unpaid bill is still outstanding as of 3/15/24.

46.     Plaintiff was harmed because the financial hardship caused by Defendant's

material breach of contract led to Plaintiff almost losing his home to foreclosure, and

caused serious anxiety and stress for the medical care of a family relative in treatment

for prostate cancer. Defendants emails were malicious with intent to cause harm.

47.     On or about March 16, 2021, Plaintiff discovered that Defendant had locked

Plaintiff Garcés out of Plaintiff's copyrighted images server by circumventing the

technological access measure required to gain access to the work. This unlawful

circumvention was a second material breach of contract causing additional financial

harm to plaintiff by infringing on plaintiff's exclusive copyrights.

**13**

## CLAIMS FOR RELIEF

48.

## COUNT I

## Circumvention of Copyright Protection Systems, Digital Millennium Copyright Act (DMCA); 17 USC § 1201, (a)(1)(A); (Against All Defendants)

49.    Plaintiff Garcés realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

50.    Plaintiff Garces holds U.S. Copyright Certificate #Vau00143090 under whichall 205 of his photographic Works of authorship have been infringed by Defendant Matheny and Defendant SSJ.

51.    Plaintiff's copyrighted "pictorial and literary Works" of authorship protected by the U.S. Copyright Act and the Digital Millennial Copyright Act were stored on a commercial ISP configured, managed, maintained, with technological security measures created by Plaintiff Garcés for 23-years, since the passing of the DMCA statute.

52.    Access to the copyrighted material contained on commercial ISP server was controlled by technological measures set by Plaintiff, the copyright owner.

53.    In violation of 17 U.S.C. § 1201(a).

## COUNT II

54.

## Copyright Infringement, 17 U.S.C. §§ 501,106 (Against All Defendants)

55..    Plaintiff Garcés realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

56.     Plaintiff Garcés owns the valid copyrights to the 205 Works at issue in this case.

57.     Plaintiff Garcés registered the 205 Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a) under Copyright Certificate #Vau00143090 with an effective date of May 12, 2021.

58.     Defendants copied, displayed, and distributed the Work at issue in this case without Plaintiff Garcés's authorization in violation of 17 U.S.C. § 501.

59.     Defendants performed the acts alleged in the course and scope of its business activities.

60.     Defendants' acts were willful.

61.     Defendants' acts were committed for purposes of commercial advantage or private financial gain.

62.     Defendants' acts were committed by the reproduction or distribution, including by electronic means, during any 180-day period, of 1 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $1,000;

63.     Defendants' acts were committed by the distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, if such person knew or should have known that the work was intended for commercial distribution.

64.    Plaintiff Garcés has been damaged.

65.    The harm caused to Plaintiff Garcés has been irreparable.

### COUNT III

66..

**Material Breach of Contract**
**(Against All Defendants)**

67.    Plaintiff Garcés realleges and incorporates by reference all prior

paragraphs of this Complaint and paragraphs in the counts below as though set

forth fully herein.

68.    In 2005, upon Plaintiff's relocation from St. John, USVI to California, the

parties renegotiated an express contract that had been in effect for

approximately 10 years from 1995 to 2005 (1995 contract).

69.    The new 2005 express contract (2005 contract) was strictly for marketing

services rendered by Plaintiff to the Suite St. John, Inc. vacation rental

business.

70.    The renegotiation, with an offer by Plaintiff, acceptance by Defendant,

and consideration at $65/hr for marketing services rendered, established the

2005 express contract.

71.    In April of 2010, Plaintiff Garcés relocated to Austin, Texas with the 2005

contract terms remain in effect.61. On or about March 16, 2021, Defendant Matheny

caused a material breach of the express contract by refusing to pay Plaintiff $4,630

for work requested by Defendant. As of 3/15/24, the bill remains unpaid.

72.    Plaintiff was harmed because the specialized task completed by Plaintiff required detailed work which Defendant had specifically requested. Plaintiff could have spent his time completing work for other clients, as Plaintiff need to pay his mortgage, and financially assist an individual under Plaintiff's care be treated for prostate cancer.

73.    Defendants emails were malicious with intent to cause harm.

74.    On or about April 18, 2021, Plaintiff discovered that Defendant had locked Plaintiff out of Plaintiff's copyrighted images server by circumventing the technological access measure required to gain access to the work.

75.    This unlawful circumvention was a second material breach of contract causing financial harm to plaintiff by infringing on plaintiff's exclusive copyrights.

76.                        **PRAYER FOR RELIEF**

**"WHEREFORE, the Plaintiff respectfully requests that this Court:**

77`.   Award damages in an amount to be determined at trial;

78.    Grant injunctive relief as deemed appropriate by the Court;

79.    Award costs and expenses of this action, including attorney's fees, as allowed by law;

80.   Award pre- and post-judgment interest as allowed by law; and

81.   Grant such other and further relief as this Court may deem just and proper."

82.                     **DEMAND FOR JURY TRIAL**

83.                 **INJUNCTIVE RELIEF DEMANDED**

Rolando R Garces   512-828-7802
7110 Scenic Brook DR.
Austin, TX 78736

MARch 18, 2024
Statute of Limitations
was on Sat. MARch 16, 2024

FRCP#
States if Statute of Limitations
on Saturday/Sunday,
First business day after
becomes statute of Limitations

18