**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ROLANDO GARCES,** *Plaintiff* | § § § |
| v. | §  No. 1:24-CV-00290-DII |
| **RICHARD MATHENY, SUITE ST. JOHN,** *Defendants* | § § § § |

### ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE DISTRICT JUDGE

Before the Court is Plaintiff Rolando Garces's Application to Proceed *In Forma Pauperis*. Dkt. 2. The District Judge referred the above motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

### I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Garces's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court **HEREBY GRANTS** Garces's request for *in forma pauperis* status and **ORDERS** his Complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Garces is further advised that, although he has been granted leave to proceed *in*

*forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Garces has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Since 1985, Garces has taken photos of Defendant Richard Matheny's resort, Defendant Suite St. John (collectively, "Defendants"), in exchange for lodging at the resort. Dkt. 1, at 9-10. The relationship soured in March 2021 when, as Garces alleges, Defendants locked Garces out of his internet service provider, "seiz[ed]"

Garces's copyrighted images, and distributed and used those images to promote Suite St. John. Dkt. 1, at 12. Among other claims, Garces sues for copyright infringement under 17 U.S.C. § 106 and § 501. Dkt. 1, at 14.

To make out a claim of copyright infringement, Garces must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Canadian Standards Assoc. v. P.S. Knight Co.*, 112 F.4th 298, 303 (5th Cir. 2024). With respect to the first element, "a certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020). Since Garces provides copies of his certificates of registration for the allegedly infringed photos, his complaint is not frivolous on the basis that he cannot show valid copyright ownership. *See* Dkt. 1-2, at 1-8. With respect to the second element, Garces does not, of course, *prove* copying at this stage. *See Canadian Standards*, 112 F.4th at 303 (setting out the copyright infringement test). But Garces does allege sufficient facts as to copying to survive § 1915(e)(2) review. He states that Defendants "copied, displayed, and distributed" his work on the internet. Dkt. 1, at 12, 15. Because Garces alleges a claim for copyright infringement that has an arguable basis in law and fact, his case should not be dismissed as frivolous at this time. *See Neitzke*, 490 U.S. at 325.

### III.   ORDER AND RECOMMENDATION

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Garces's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because the undersigned

**RECOMMENDS** that this suit not be dismissed as frivolous at this time, the undersigned **FURTHER ORDERS** the Clerk of Court to issue summons and commence service of process, including service of Garces's complaint upon the named defendants under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The referral of this case to the Magistrate Judge should now be canceled.

### IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 22, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE